JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Danny Muldrew, appeals from the judgment of the Common Pleas Court denying his motion for postconviction relief or, alternatively, post-sentence motion to withdraw his guilty plea. We affirm.
 {¶ 2} On July 9, 2003, the Cuyahoga County Grand Jury indicted Muldrew in Case No. CR-439417 on two counts of aggravated burglary in violation of R.C. 2911.11, and one count of kidnapping in violation of R.C. 2905.01. On August 7, 2003, the Grand Jury indicted Muldrew in Case No. CR-440786 on one count of possession of drugs in violation of R.C. 2925.11, one count of drug trafficking in violation of R.C. 2925.02, and one count of possessing criminal tools in violation of R.C. 2923.24.
 {¶ 3} On October 27, 2003, after trial had started, appellant entered a guilty plea in Case No. CR-440786 to possession of drugs, a fourth degree felony, and, in Case No. CR-439417, to an amended count of burglary, in violation of R.C. 2911.12, a felony of the second degree. The remaining charges in both cases were dismissed.
 {¶ 4} On December 5, 2003, the trial court sentenced Muldrew to three years incarceration on the burglary conviction, to run concurrent with six months incarceration on the conviction for possession of drugs.[1]
 {¶ 5} Muldrew did not appeal his conviction or sentence in either case. Nearly a year later, however, on October 22, 2004, Muldrew filed a petition for postconviction relief pursuant to R.C. 2953.21, or, in the alternative, motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The trial court dismissed the petition as untimely and denied Muldrew's post-sentence motion to withdraw his guilty plea. This appeal followed.
 {¶ 6} In his first assignment of error, Muldrew argues that the trial court failed to advise him, in compliance with Crim.R. 11, of the nature of the charges against him or the consequences of his guilty plea before accepting his plea. Specifically, Muldrew contends that the trial court failed to advise him that there was a "presumption of incarceration" regarding his plea of guilty to burglary.
 {¶ 7} In his second assignment of error, Muldrew contends that he was denied effective assistance of counsel. Muldrew claims that his counsel failed to adequately investigate statements made by the victim that would have allegedly exonerated him, improperly advised him that the first day of trial was only a pretrial conference, did not challenge the inclusion of a deaf person on the jury, and promised him that if he pleaded guilty, the judge would sentence him to probation.
 {¶ 8} Muldrew's appeal, however, is from the trial court order dated November 17, 2004, which dismissed his petition for postconviction relief and denied his motion to withdraw his guilty plea. It appears that Muldrew is utilizing the instant appeal to improperly seek review of alleged errors which he failed to timely appeal. As this court stated inState v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590:
 {¶ 9} "This type of `bootstrapping', to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See Appellate Rules 3(D), 4(A), 5 and 16(A)(3)."
 {¶ 10} Any errors regarding Muldrew's plea or the competency of counsel should have been raised by direct appeal within 30 days of the trial court's sentencing order, which was filed on December 5, 2003. See App.R. 4.
 {¶ 11} Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 12} In his third assignment of error, Muldrew argues that the trial court erred in dismissing his petition for postconviction relief without a hearing. We disagree.
 {¶ 13} Pursuant to R.C. 2953.21(A)(2), if no direct appeal is taken, a petition for postconviction relief shall be filed no later than 180 days after the expiration of the time for filing the appeal. Muldrew was sentenced on December 5, 2003. Thus, any appeal should have been filed no later than January 5, 2004, and his petition for postconviction relief should have been filed no later than July 5, 2004 (180 days later). Accordingly, the petition, filed on October 22, 2004, was not timely.
 {¶ 14} R.C. 2953.23(A) provides that a trial court cannot entertain an untimely petition for postconviction relief unless the petitioner shows either that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner. A petitioner must also demonstrate by clear and convincing evidence that a reasonable factfinder would not have found him guilty of the offense for which he was convicted but for the constitutional error at trial.
 {¶ 15} Muldrew did not allege in his petition that any of the exceptions set forth in R.C. 2953.23(A) applied. (Rather, he asserted that the time period set forth in R.C. 2953.21 for filing his petition had not expired.) Moreover, a review of his petition reveals that he did not meet the criteria set forth in R.C. 2953.23(A). In his petition, Muldrew asserted that much of the evidence regarding his counsel's alleged incompetence was contained in the record of the proceedings. He also attached his own affidavit and that of his daughter to the petition. In his affidavit, Muldrew recited the events that led to his guilty plea, including an alleged promise from his attorney that the judge would sentence him to probation. In her affidavit, Muldrew's daughter averred that prior to trial, she told Muldrew's attorney that the victim had made statements that would exculpate Muldrew, but the lawyer dismissed these statements as hearsay. It is apparent that Muldrew was not "unavoidably prevented" from discovering the facts relied upon in his petition or recited in the attached affidavits; he knew the facts regarding his lawyer's alleged incompetence and any alleged defects in his guilty plea when he pleaded guilty and, therefore, could have asserted them in a timely petition.
 {¶ 16} The provisions of R.C. 2953.23(A) are jurisdictional in nature; absent a petitioner's demonstration that the requisites set forth in R.C. 2953.23(A) apply, a trial court has no jurisdiction to determine the merits of the petition. State v. Sharif (Sept. 27, 2001), Cuyahoga App. No. 79325, citing State v. Sinclair (July 19, 2001), Cuyahoga App. No. 78662. Accordingly, the trial court properly dismissed Muldrew's petition as untimely filed.
 {¶ 17} Appellant's third assignment of error is therefore overruled.
 {¶ 18} In his fourth assignment of error, Muldrew contends that the trial court abused its discretion in denying his post-sentence motion to withdraw his guilty plea.
 {¶ 19} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which states:
 {¶ 20} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 21} This rule imposes a strict standard for deciding a post-sentence motion to withdraw a plea. State v. Griffin (2001),141 Ohio App.3d 551, 553. A defendant may only be allowed to withdraw a plea after sentencing in extraordinary cases. State v. Smith (1977),9 Ohio St.2d 261, 264. The defendant bears the burden of showing a manifest injustice warranting the withdrawal of a plea. Id. at paragraph one of the syllabus.
 {¶ 22} Appellate review of an order denying a post-sentence motion to withdraw a plea is limited to a determination of whether the trial court abused its discretion. State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151.
 {¶ 23} Muldrew claims that he was tricked into pleading guilty by a promise from his attorney that the trial court would sentence him to probation, rather than prison. According to Muldrew, when the trial judge heard him arguing with his lawyer during a break in the proceedings, she spoke with counsel out of Muldrew's hearing. Immediately thereafter, Muldrew's lawyer told him that the judge had promised to sentence him to probation if he pled instead of going forward with trial. Muldrew asserts that he accepted this unrecorded promise because it seemed preferable to going to trial with incompetent counsel.
 {¶ 24} Muldrew's claim, however, is not supported by the record of the plea hearing. The transcript of the plea hearing reflects that the trial judge carefully explained Muldrew's constitutional rights to him, reviewed the charges he was pleading guilty to, and ascertained that he understood the charges. The trial judge also ascertained that Muldrew understood that he could receive a sentence of up to eight years in prison or community control sanctions.
 {¶ 25} The judge then noted that the State had "promised you some wonderful things. They lowered the aggravated burglary to a second-degree felony, burglary. They were willing to dismiss the second burglary and the kidnapping charge, as well as the other two drug-related offenses on your drug case." When she asked Muldrew whether any other promises had been made to him, he replied, "No, ma'am."
 {¶ 26} Muldrew argues, however, that the transcript of the subsequentsentencing hearing[2] indicates that the judge informed him that the "presumption of incarceration" applicable to his case was "the deal killer" that required her to sentence him to prison rather than probation. Muldrew argues that a review of this transcript indicates that the judge promised him probation if he pled guilty, but then backed out of the deal at sentencing.
 {¶ 27} The transcript of the sentencing hearing indicates that the trial judge reviewed the offenses to which Muldrew had pled guilty and the possible penalties. She then reviewed Muldrew's version of the events which led to his indictment as given to the probation officer during the presentence investigation report interview. The trial judge then reviewed Muldrew's prior offenses, his likelihood of recidivism, the seriousness of the offenses, and the impact statement given by the victim. Muldrew then told the trial judge of the positive changes he had made in his life since his arrest and guilty plea. The trial judge then stated:
 {¶ 28} "Let's go to Sentate Bill II. This is what this is, the deal killer.
 {¶ 29} "The gentleman pled guilty to a second degree felony, there's a presumption you go to prison unless the factors indicating you won't commit crime in the future outweigh those that indicate that you will. They don't.
 {¶ 30} The factors indicating that it's among the less serious has to outweigh that they're more serious. They don't. You haven't overcome that presumption."
 {¶ 31} The judge then sentenced Muldrew as set forth above.
 {¶ 32} Muldrew claims that the trial judge's comments regarding the "deal killer," along with the judge's comment at the plea hearing that "you got to get started to work on other matters now because after I sentence you, I leave you here in the community, if you're still taking drugs you're going to end up in prison because you're going to be in violation of community control, so you better get working on it now, okay," indicate that he was promised probation. This is not enough, however, for us to conclude that such a promise was made. Without evidence that Muldrew's trial counsel communicated this alleged assurance to him, we cannot conclude from two ambiguous comments by the trial judge that Muldrew was promised placement on community control if he pled guilty.
 {¶ 33} Accordingly, in light of the record, Muldrew has failed to establish a manifest injustice. His response to the judge at the plea hearing directly contradicts the assertions made in his motion to withdraw his plea and, as the trial court stated in its judgment entry denying Muldrew's motion, Muldrew has failed to adequately explain the discrepancy between his present assertions and his representations on the record. Therefore, the trial court did not abuse its discretion in denying Muldrew's motion to vacate his plea.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Kilbane, J., concur.
[1] The journal entries of sentencing in both cases clearly state that the sentences are to be served concurrently. Thus, Muldrew's assertion that the sentences are being served consecutively is erroneous.
[2] Recognizing that the record was incomplete, on March 18, 2005, Muldrew filed a motion to supplement the record with the transcript of the sentencing hearing. Although this court initially denied the motion, upon reconsideration, we entered an order granting Muldrew's motion in part and ordering him to file a transcript of the trial court's sentencing proceedings which occurred on December 2, 2003. Muldrew subsequently filed a transcript of the sentencing hearing.