JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert T. Davis ("Davis"), pro se, appeals the trial court's denial of his petition to set aside his convictions. Finding no merit to the appeal, we affirm.
 {¶ 2} Davis' appeal involves three different cases. He was indicted in Case No. CR-444016 in September 2003 and was charged with possession of drugs and criminal trespass. In January 2004, Davis was indicted in Case Nos. CR-448450 and CR-447997. He was charged with breaking and entering, theft, possession of criminal tools, and possession of drugs in Case No. CR-448450, and possession of drugs in Case No. CR-447997. Davis pled guilty to all counts and was sentenced in March 2004 to a total of three years in prison.
 {¶ 3} Davis moved for judicial release under R.C. 2929.20 on May 6, 2004. The court held a hearing on May 25, 2004 and granted the motion, thereby placing Davis on community control sanctions for five years. In March 2005, he was found in violation of community control sanctions, and his original sentence was reimposed.
 {¶ 4} Davis did not appeal his convictions or sentences or the finding of his violation of community control sanctions. Rather, he filed a petition for postconviction relief in Case Nos. CR-444016, CR-448450, and CR-447997 pursuant to R.C. 2953.21.[1] The trial court denied his petition for postconviction relief in September 2005. *Page 2 
 {¶ 5} Davis appeals, raising five assignments of error. In his first assignment of error, he argues that he was denied his sixth amendment right to be present with counsel at all critical stages of his criminal case. In his second assignment of error, he contends he was denied due process under the fourteenth amendment of the United States Constitution. In his third assignment of error, he alleges that he was denied his constitutional rights and due process of law when double jeopardy attached, and further claims a breach of his plea agreement. In his fourth assignment of error, Davis contends that he was denied his constitutional rights to meaningful review of his conviction and sentence due to lack of a transcript of the proceeding. In his fifth assignment of error, he contends he was denied his constitutional right to withdraw his guilty plea, and alleges that the court failed to investigate the imposition of an unlawful gun specification.
 {¶ 6} However, Davis' notice of appeal designates two trial court orders entered on April 18, 2006, which involve the findings of fact for his petition for postconviction relief. Accordingly, Davis is attempting to utilize the instant appeal to improperly seek review of alleged errors that he failed to timely appeal, rather than seeking a review of errors in the trial court's denial of his motion for postconviction relief. As we stated in State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590: *Page 3 
 "This type of `bootstrapping' to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See, Appellate Rules 3(D), 4(A), 5 and 16(A)(3)." See also, State v. Muldrew, Cuyahoga App. No. 85661, 2005-Ohio-5000.
 {¶ 7} In the instant case, Davis appeals the trial court's dismissal of his motion for postconviction relief. R.C. 2953.21(A)(2) provides that if no direct appeal is taken, a petition for postconviction relief shall be filed no later than 180 days after the expiration of the time for filing the appeal. Davis pled guilty and was sentenced on March 23, 2004. Thus, any direct appeal should have been filed no later than April 22, 2004, and his petition for postconviction relief should have been filed no later than October 19, 2004. As a result, Davis' petition filed on August 26, 2005 was untimely.
 {¶ 8} Moreover, any errors involving Davis' constitutional rights and the validity of his guilty plea should have been raised on direct appeal and within thirty days of March 23, 2004. See App.R. 4(A) and 5; see also Parks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426, 602
N.E.2d 674, in which we held that a court of appeals lacks jurisdiction to review a judgment or order which is not designated in the notice of appeal. Therefore, we cannot consider Davis' assignments of error, because he is utilizing the instant appeal to untimely appeal prior orders or judgments. *Page 4 
 {¶ 9} Even if we review the denial of Davis' petition for postconviction relief, R.C. 2953.23(A) provides that a trial court may entertain an untimely petition for postconviction relief if the petitioner meets certain conditions. Davis must show either that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to him. He also must demonstrate by clear and convincing evidence that a reasonable factfinder would not have found him guilty of the offense for which he was convicted but for the constitutional error at trial.
 {¶ 10} Davis did not allege in his petition any of the exceptions set forth in R.C. 2953.23(A). Moreover, a review of his petition reveals that he did not meet the criteria set forth in R.C. 2953.23(A). In his petition, Davis asserted the trial court abused its discretion, his sentence was improper, he received ineffective assistance of counsel, and his guilty plea was invalid.
 {¶ 11} It is apparent that Davis was not "unavoidably prevented" from discovering the facts alleged in his petition. He was aware of the facts pertaining to defense counsel's alleged incompetence, and he was aware of any alleged defects in his guilty plea. Therefore, he could have asserted these facts in a timely petition. Accordingly, the trial court properly dismissed Davis' petition for postconviction relief.
 {¶ 12} Therefore, the five assignments of error are overruled. *Page 5 
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and KENNETH A. ROCCO, J. CONCUR
[1] Davis' notice of appeal also listed Case No. CR-462967. However, he failed to include Case No. CR-462967 in his petition for postconviction relief. Therefore, we are unable to consider it pursuant to App.R. 3(D), 4(A), 5, and 16(A). *Page 1