[Cite as *State v. Thomas*, 2011-Ohio-2542.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95754

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## OLIVER L. THOMAS

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-519480

BEFORE: Stewart, P.J., Sweeney, J., and Jones, J.

RELEASED AND JOURNALIZED: May 26, 2011

FOR APPELLANT

Oliver L. Thomas, Pro Se
Inmate No. 571-936
Grafton Correctional Institution
2500 South Avon Beldon Road
Grafton, OH 44044

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: T. Allan Regas
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

{¶ 1} Defendant-appellant, Oliver L. Thomas, appeals from a court order that granted the state of Ohio summary judgment on his second petition for postconviction relief. The court granted summary judgment on

jurisdictional grounds, finding that Thomas failed to establish that he had been unavoidably prevented from discovering the facts forming the basis for the claims in the second petition. His two assignments of error challenge the court's dismissal.

{¶ 2} In July 2009, Thomas pleaded guilty to five counts of gross sexual imposition and received concurrent five-year sentences. He did not file a direct appeal, but instead filed two separate motions to withdraw his guilty plea, one of which claimed that he had been denied the effective assistance of counsel. The court denied both motions.

{¶ 3} In December 2009, Thomas filed a petition for postconviction relief on grounds that he had been denied the effective assistance of counsel during the plea proceedings. The court granted summary judgment to the state on Thomas's petition, finding that Thomas failed to offer evidence to substantiate how counsel had been ineffective, noting that his affidavits in support of the petition were "rife with inadmissible evidence." Thomas did not appeal.

{¶ 4} In January 2010, while the petition for postconviction relief was pending in the trial court, Thomas filed a notice of appeal from the July 2009 guilty plea. We treated the notice of appeal as a motion for leave to file a delayed appeal, denied the motion, and dismissed the appeal. See *State v. Thomas*, 8th Dist. No. 94225, Motion No. 429388.

**{¶ 5}** Thomas then filed a third motion to withdraw his guilty plea, claiming, among other things, that defense counsel had led him to believe that he was pleading guilty to probationable offenses and that he would, in fact, receive probation from the court. The court denied the motion.

**{¶ 6}** On June 17, 2010, Thomas filed a motion seeking leave to file a delayed petition for postconviction relief. He claimed the delay in filing the second petition had been caused because the trial court did not inform him of his right to appeal and that he "just recently learned that he is entitled to a first direct appeal of the conviction and sentence." The substantive grounds for the petition were ineffective assistance of trial counsel in failing to advise him that he had the right to appeal and that trial counsel further failed to file a direct appeal on his behalf. The state opposed the motion on grounds that the successor petition for postconviction relief did not establish that Thomas had been unavoidably prevented from discovering the facts he relied upon in the motion. The court granted the state's motion for summary judgment without a hearing, finding that Thomas failed to establish that he had been unavoidably prevented from knowing that he had a right to appeal because the record showed that he did know he had a right to appeal prior to the expiration of time for filing his first petition for postconviction relief.

**{¶ 7}** As relevant in this case, the court cannot entertain a successor petition for postconviction relief unless the petitioner shows both that (1) he

"was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" and (2) has clear and convincing evidence that, "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" See R.C. 2953.23(A)(1). These requirements are jurisdictional, meaning that unless they are established, the court cannot reach the merits of the petition. *State v. Muldrew*, 8th Dist. No. 85661, 2005-Ohio-5000, at ¶16; *State v. Sharif* (Sept. 27, 2001), 8th Dist. No. 79325.

{¶ 8} The court did not err by finding that Thomas failed to show that he had been unavoidably prevented from discovering his right to file a direct appeal. The record shows that Thomas filed a direct appeal while his first petition for postconviction relief was pending before the court. The direct appeal was untimely (it was filed at least four months after the 30-day deadline set forth in App.R. 3(A)) and we denied leave to file a delayed appeal. The fact remains that Thomas knew as early as November 2009 that he could appeal from his guilty plea, as evidenced by a letter from the Ohio Public Defender's Office that he appended to his second petition. This knowledge predated the filing of his first petition for postconviction relief. It follows that Thomas's stated basis for seeking leave to file a second petition for postconviction relief was demonstrably invalid. He not only knew that he had a right to file a direct appeal, but had actually filed that appeal. That

appeal predated the first petition for postconviction relief, so it follows that Thomas cannot say that he was unavoidably prevented from discovering that he had a right to appeal as basis for invoking the court's jurisdiction to hear the second petition.

{¶ 9} Thomas also complains that the court erred by granting summary judgment even though the state filed an untimely opposition to his petition. This argument is without merit because the court specifically granted the state leave to respond to the second petition. In any event, even had the court somehow abused its discretion by granting the state leave to respond to the second petition, the jurisdictional nature of Thomas's failure to show that he had been unavoidably prevented from learning of his right to appeal from the guilty plea was manifest on the record. The court had no choice but to dismiss the petition.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, J., CONCUR