[Cite as *State v. Osco*, 2015-Ohio-45.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-P-0010** |
| KODY M. OSCO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 00702.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Kody M. Osco*, pro se, PID: A640-807, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH  44905 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Kody Osco, appeals two judgments issued in his criminal case. In the first judgment, dated February 21, 2014, the trial court denied appellant's motion to declare his sentencing order void.  In the second judgment, dated March 12, 2014, the trial court overruled Osco's motion for findings of fact and conclusions of law regarding the first judgment.  Appellant asserts that his sentence must be vacated because the state did not abide by the terms of the plea agreement.

{¶2} Two separate criminal cases were brought against appellant within a sixty-day period in late 2012. In the first case, Portage C.P. No 2012 CR 00584, appellant was indicted on one count of felonious assault and two counts of escape. In the second case, Portage C.P. No. 2012 CR 00702, he was indicted on one count of burglary and two counts of receiving stolen property.

{¶3} The two cases were not consolidated but were assigned to the same trial judge. Furthermore, the proceedings in both cases followed similar paths. In January 2013, appellant and the state reached a plea agreement covering both cases. In exchange for the dismissal of the other four counts, appellant agreed to plead guilty to felonious assault in case number 00584 and burglary in case number 00702, both second-degree felonies. The state further agreed to "stand silent" at sentencing. A copy of the written plea agreement was entered on the record in both cases.

{¶4} After accepting the guilty plea, the trial court ordered the preparation of a presentencing investigative report. On March 18, 2013, a sentencing hearing was held regarding both cases. During this proceeding, despite agreeing to stand silent, the assistant prosecutor recommended two concurrent seven-year terms. Appellant and his trial counsel did not object to the recommendation which was consistent with the presentencing report. At the end of the hearing, the trial court adopted the sentencing recommendation and also ordered appellant to pay restitution.

{¶5} Three days after the sentencing hearing, the trial court issued sentencing judgments in both cases. Consistent with the oral pronouncement, the court sentenced appellant to two concurrent seven-year terms. Appellant did not appeal either of the sentencing judgments.

**{¶6}** Approximately two months later, in May 2013, appellant filed a motion to withdraw his guilty pleas in both cases. In an affidavit attached to the motion, he asserted two arguments in support: (1) the assistant prosecutor breached the plea agreement by making a sentencing recommendation; and (2) he was denied effective assistance of counsel during the combined trial proceedings. Before the state filed a response, and without hearing, the trial court overruled the motions to withdraw. Again, appellant did not pursue an appeal of this judgment.

**{¶7}** Eight months later, in February 2014, appellant moved the trial court to declare the sentencing judgments in both cases void. Although the argumentation in these motions were more elaborate, they primarily reasserted the two basic points that formed the basis of the motion to withdraw the guilty plea; i.e., he again maintained that his seven-year sentence could not stand because the plea agreement was breached and he was denied effective assistance. The trial court issued a one-sentence judgment in both cases overruling the request to declare the sentencing judgments void.

**{¶8}** Within twenty days of the ruling on the foregoing motion, appellant moved for findings of fact and conclusions of law. As the basis for the latter motion, he asserted that the denial of his motion to declare the sentencing judgments void would remain interlocutory until factual findings and legal conclusions were issued. One day after the submission of the request for findings and conclusions, the trial court again rendered a one-sentence judgment in both cases that denied the motion without any discussion of its merits.

**{¶9}** Appellant appeals the trial court's February 21, 2014 and March 12, 2014 orders. He raises a single assignment of error for review:

3

{¶10} "The trial court improperly denied the defendant-appellant's Kody Osco, motion to have his criminal sentence declared void, and/or invalid, due to the prosecuting attorney, Mr. Victor Vigluicci, breaching the written, and signed, plea contract agreement that was accepted by the judge and signed. There shall have been a hearing held by the trial court, or facts, findings, or conclusions, and/or an appealable order provided."

{¶11} As the wording of the assignment establishes, appellant's brief essentially reasserts the substance of his two motions at the trial level. For the following reasons, this court concludes that, in ruling upon the motion to declare the sentencing judgments void, the trial court was not obligated to render findings of facts and conclusions of law. We further conclude that the merits of the "void" motion are not properly before us in this appeal.

{¶12} As noted above, the motion to declare the sentencing judgments void was predicated upon two arguments: (1) the state failed to comply with the terms of the plea agreement; and (2) he was denied effective assistance when his trial counsel failed to object to the breach during the sentencing hearing. Before both the trial court and this court, appellant contends that both arguments are constitutionally based. First, he asserts that the breach of the "sentencing" term violated his constitutional rights to due process. Second, he maintains that his trial counsel's actions resulted in a violation of his Sixth Amendment rights.

{¶13} When a post-judgment motion in a criminal case seeks the vacation of the imposed sentence on the grounds that a constitutional violation occurred during the trial proceedings, the defendant's motion will be deemed a petition for postconviction relief.

4

*State v. Timmons*, 10th Dist. Franklin No. 11AP-895, 2012-Ohio-2079, ¶6, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Therefore, although appellant captioned his first submission as a motion to declare the sentencing judgments void, it constitutes a petition for postconviction relief under R.C. 2953.21.

{¶14} Pursuant to R.C. 2953.21(C) and (G), a trial court is statutorily mandated to compose and issue findings of fact and conclusions of law on each claim stated in a postconviction petition. *See State v. Dilley*, 8th Dist. Cuyahoga No. 99680, 2013-Ohio-4480, ¶7. However, this duty does not apply if the petition is subject to dismissal on the basis that it was untimely filed. *State ex rel. James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, ¶5.

{¶15} R.C. 2953.21(A)(2) provides that, if a defendant does not pursue a direct appeal of his conviction, his petition for postconviction relief must be submitted within 180 days after the expiration of the thirty-day period for filing the appeal. This time limit for filing the postconviction petition is considered jurisdictional. *Dilley*, ¶10. Thus, a trial court loses its authority to rule upon the merits of a petition when it is untimely filed. *Id.*

{¶16} In each of appellant's criminal actions, the final sentencing judgment was filed on March 21, 2013; accordingly, the last day he could have filed a direct appeal of either of his convictions was April 22, 2013. The record further shows that appellant did not file his postconviction petition; i.e., his motion to declare the sentencing judgments void, until February 18, 2014. Hence, he did not comply with the statutory time limit for filing his petition because 301 days elapsed between the end of the "appeal" period and the date he submitted his petition.

{¶17} In his "void" motion, appellant did not contend that the running of the 180

5

day time limit had been tolled for one of the permissible reasons listed in R.C. 2953.23. Therefore, the denial of appellant's motion was justified on the basis that, as a petition for postconviction relief, it was not timely filed.  In turn, the trial court had no obligation to issue findings of fact and conclusions of law in support of its decision.

{¶18}  Moreover, even if appellant's motion to declare the sentencing judgments void had been timely filed, the doctrine of res judicata would have barred the trial court from reviewing the merits of the two constitutional arguments.  As to the application of the doctrine in a criminal case, the Supreme Court of Ohio has stated:

{¶19}  "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, syllabus, following *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶20}  According to appellant's own assertions, the state's alleged breach of the plea agreement and trial counsel's alleged ineffective assistance took place during the sentencing hearing.  Given that the entire sentencing hearing was recorded and a transcript of that proceeding exists, appellant could have advanced the alleged constitutional errors on direct appeal. Because appellant did not appeal either of the sentencing judgments rendered in the two underlying cases, the doctrine of res judicata would bar him from asserting his constitutional arguments in any type post-judgment motion.

6

{¶21} Alternatively, if appellant needed additional evidence from outside the record to show the alleged constitutional violations, one appropriate way to assert his arguments would have been a postconviction petition. However, when the alleged errors in a trial proceeding pertain to a guilty plea, the defendant can also use a motion to withdraw the guilty plea as a means of presenting evidence outside the record. *See, e.g., State v. Woody*, 8th Dist. Cuyahoga No. 99774, 20014-Ohio-302, ¶13, citing *State v. Smith*, 17 Ohio St.3d 98, 101 (1985), fn. 1.

{¶22} In each of the underlying actions, appellant moved to withdraw his guilty plea approximately sixty days after the sentencing judgments were issued. The bases for the motion to withdraw were the same two arguments he raised in his subsequent motion to have the sentencing judgments declared void. After the trial court overruled the motion to withdraw, appellant did not appeal that ruling to this court. Hence, again, since appellant had a full opportunity to litigate the "breach" and "ineffective assistance" issues, the doctrine of res judicata bars him from asserting those issues again in a subsequent post-judgment motion or petition. *Woody*, at ¶12, quoting *State v. Montgomery*, 8th Dist. Cuyahoga No. 99452, 2013-Ohio-4193, ¶42.

{¶23} Regarding the "breach" issue, appellant contends that the actions of the assistant prosecutor deprive the trial court of subject matter jurisdiction over the cases, thereby rendering the sentencing judgments void. Although not expressly argued in his brief, appellant's position appears to be that, since the breach affected the trial court's authority to proceed, it can be asserted at any time in the proceedings. But, even if it is assumed, solely for the sake of this argument, that the state's breach of a plea bargain can deprive a trial court of jurisdiction to proceed, an issue relating to a court's subject

7

matter jurisdiction "can be waived when it is fully considered at the trial level and no timely appeal is taken from the trial court's ruling * * *." *Citimortgage, Inc. v. Oates*, 11th Dist. Trumbull No. 2013-T-0011, 2013-Ohio-5077, ¶24. Therefore, appellant's failure to appeal the trial court's denial of his motion to withdraw the guilty plea bars him from raising the "breach" issue again in a subsequent post-judgment motion.

{¶24} Although the trial court did not state the grounds for its decision to overrule appellant's motion to declare the sentencing judgments void, the foregoing discussion demonstrates that valid reasons to deny his request for relief existed. Furthermore, because appellant's motion was subject to dismissal as an untimely petition for postconviction relief, the trial court had no duty to issue findings of fact and conclusions of law. Thus, as the trial court did not err in its disposition of the motions to declare the sentencing judgments void and for findings of fact and conclusions of law, appellant's sole assignment of error is without merit.

{¶25} The judgments of the Portage County Court of Common Pleas are hereby affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.