[Cite as *State v. Settles*, 2017-Ohio-8353.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 13-17-09

      v.

CRAIG L. SETTLES,                           J U D G M E N T
                                          E N T R Y

      DEFENDANT-APPELLANT.

---

Appeal from Seneca County Common Pleas Court
Trial Court No. 97-CR-0092

Judgment Affirmed

Date of Decision: October 30, 2017

---

APPEARANCES:

    *Alex Kochanowski* for Appellant

    *Derek W. DeVine* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Craig L. Settles ("Settles"), appeals the February 28, 2017 judgment entry of the Seneca County Court of Common Pleas dismissing his petition for post-conviction relief. For the reasons that follow, we affirm.

{¶2} In 1997, Settles was convicted of murder with a firearm specification and sentenced to "an indefinite term of fifteen (15) years to life as to the charge of MURDER and a term of three (3) years as a mandatory and consecutive term * * * due to the defendant having a firearm." (Doc. Nos. 211, 212). Settles appealed the trial court's judgment entry of sentence.[1] *See State v. Settles*, 3d Dist. Seneca No. 13-97-50, 1998 WL 667635, *1 (Sept. 30, 1998). In that direct appeal, we affirmed the judgment of the trial court. *Id.* at *8.

{¶3} On August 8, 2016, Settles filed a "Petition for Writ of Habeas Corpus Pursuant to Ohio Revised Code 2953.21." (Doc. No. 235). In his "petition," Settles requested "vacating the sentence imposed" by the trial court. (*Id.* at 6). As grounds for the requested relief, Settles alleged that his "Eighth and Fourteenth Amendment Right [sic] to freedom from cruel and unusual punishment as guaranteed under the Ohio and United States Constitutions" were denied. (*Id.* at 1). Additionally, Settles stated as a ground for relief that he received ineffective assistance of trial counsel.

---

[1] In Settles' direct appeal from his convictions and sentence, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *See State v. Settles*, 3d Dist. Seneca No. 13-97-50, 1998 WL 667635 (Sept. 30, 1998).

(*Id.*). The State, treating Settles' petition as a petition for post-conviction relief, filed its memorandum in opposition to Settles' petition on September 6, 2016. (Doc. No. 238). On September 16, 2016, Settles filed his reply to the State's memorandum in opposition to his petition. (Doc. No. 239).

{¶4} Treating Settles' petition as a petition for post-conviction relief, the trial court dismissed Settles' petition on February 28, 2017. (Doc. No. 241).

{¶5} On March 27, 2017, Settles filed a notice of appeal. (Doc. No. 242). He raises three assignments of error for our review. We will address the assignments of error together.

## Assignment of Error I

**Mr. Settles' Appeal Must Be Considered on its Merits.**

## Assignment of Error II

**The Trial Court Erred in Denying Mr. Settles' Petition for a Writ of Habeas Corpus When it Failed to Find That Mr. Settles's [sic] Right to Be Free from Cruel and Unusual Punishment Pursuant to the Eighth and Fourteenth Amendments to the United States Constitution Was Violated When Mr. Settles was Sentenced to a Disproportionate Sentence Despite His Lessened Culpability.**

## Assignment of Error III

**The Trial Court Erred in Failing to Find That Mr. Settles Received Ineffective Assistance of Trial Counsel in violation of his Sixth And Fourteenth Amendment Rights and as a Result, Mr. Settles was denied Due Process and a Fair Trial under the Fifth and Fourteenth Amendments to the Ohio and United States Constitutions.**

{¶6} In his first assignment of error, Settles argues that the trial court erred by denying his "petition for a writ of habeas corpus" because his "sentence is void as being unconstitutional." (Appellant's Brief at 11-12). In his second assignment of error, Settles argues that the trial court erred by denying his petition because his sentence violates the "Eighth and Fourteenth Amendments of the Ohio and United States Constitutions" under *Graham v. Florida*, *Miller v. Alabama*, and *Montgomery v. Louisiana*. (Appellant's Brief at 11, 18). 560 U.S. 48, 130 S.Ct. 2011 (2010); 567 U.S. 460, 132 S.Ct. 2455 (2012); ___ U.S. ___, 136 S.Ct. 718 (2016). In his third assignment of error, Settles argues that the trial court erred by denying his petition because he received the ineffective assistance of trial counsel.

{¶7} As an initial matter, we must address Settles' erroneous understanding of petitions for a writ of habeas corpus and post-conviction relief. Writs of habeas corpus are civil actions and cannot be filed in criminal actions. *See Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 7 ("under Ohio law, state writ actions are civil actions"). Since Settles' petition was filed in his criminal case and cited R.C. 2953.21—Ohio's post-conviction-relief statute—the State and the trial court treated Settles' petition as a petition for post-conviction relief. We do the same. *See State v. Snuggs*, 3d Dist. Henry Nos. 7-16-03, 7-16-05, 2016-Ohio-5466, ¶ 4 ("'When a post-judgment motion in a criminal case seeks the vacation of the imposed sentence on the grounds that a constitutional violation occurred * * *, the

defendant's motion will be deemed a petition for post-conviction relief.'"), quoting *State v. Osco*, 11th Dist. Portage No. 2014-P-0010, 2015-Ohio-45, ¶ 13, and citing *State v. Reynolds*, 79 Ohio St.3d 158 (1997) and *State v. Timmons*, 10th Dist. Franklin No. 11AP-895, 2012-Ohio-2079, ¶ 6.

{¶8} As we noted above, "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10, citing *State v. Kinstle*, 3d Dist. Allen No. 1-12-32, 2013-Ohio-850, ¶ 10. The statute sets forth who may petition for post-conviction relief:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a).

{¶9} The version of the statute in effect at the time Settles committed the underlying offense sets forth the time requirements for filing a petition for post-

conviction relief and provides, in relevant part, "[a] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2) (1996) (current version at R.C. 2953.21(A)(2) (2017)). A trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless the defendant demonstrates that one of the R.C. 2953.23(A) exceptions applies. *State v. Martin*, 10th Dist. Franklin No. 17AP-6, 2017-Ohio-5657, ¶ 9; R.C. 2953.23(A) (1995) (current version at R.C. 2953.23(A) (2017)).

{¶10} A trial court may not entertain an untimely post-conviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a), (b) (1995) (current version at R.C. 2953.23(A)(1)(a) (2017)). "If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate by clear and convincing evidence that, but for the constitutional error at trial or the sentencing hearing, no reasonable fact-finder would have found him guilty of the offenses." *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 13; R.C. 2953.23(A)(2) (1995) (current version at R.C. 2953.23(A)(1)(b) (2017)).

**{¶11}** "'"[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.'"'" *State v. Baker*, 3d Dist. Auglaize No. 2-16-07, 2016-Ohio-5669, ¶ 10, quoting *State v. Sidibeh*, 10th Dist. Franklin No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. An abuse of discretion implies the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

**{¶12}** The trial court did not abuse its discretion by dismissing Settles' petition for post-conviction relief. Settles' statutory deadline for filing a petition for post-conviction relief was 180 days after the date on which the trial transcripts were filed in this court in his direct appeal. The trial transcripts in Settles' direct appeal were filed on March 27, 1998. Settles had until September 24, 1998 to file his petition for post-conviction relief. Settles did not file his petition for post-conviction relief until August 8, 2016, many years after his deadline passed. Thus, Settles' petition is untimely. *See Martin* at ¶ 8. As such, the trial court lacked jurisdiction to consider Settles' untimely petition for post-conviction relief unless he demonstrated that one of the exceptions in R.C. 2953.23(A)(1)(a) or (b) applies. *Id. See also Baker* at ¶ 15.

{¶13} Settles' petition cites two reasons that his petition meets the exceptions in R.C. 2953.23(A)—namely, (1) that the United States Supreme Court issued cases recognizing new federal and state rights that retroactively apply to his situation and (2) that he received the ineffective assistance of trial counsel. Under Settles' first reason why his petition meets the statutory-timeliness exception, Settles claims that the United States Supreme Court issued cases announcing new and federal state rights that retroactively apply to individuals in his situation. According to Settles, those cases are *Graham*, *Miller*, and *Montgomery*. 560 U.S. 48; 567 U.S. 460; ___ U.S. ___, 136 S.Ct. 718.

{¶14} In *Graham*, the United States Supreme Court held that the Eighth Amendment to the United States Constitution prohibits the imposition of sentences of life imprisonment without parole, or their equivalents, on juvenile non-homicide offenders. *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, ¶ 35, citing *Graham* at 74. Under *Miller*, "[a] court, in exercising its discretion under R.C. 2929.03(A), must separately consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of life without parole." *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, paragraph one of the syllabus, citing *Miller*. Finally, "*Montgomery* involved the application of the court's decision in *Miller* prohibiting the automatic imposition of a life-without-parole sentence on a defendant who had committed a homicide as a juvenile." *Moore* at ¶ 98, citing

*Montgomery* at 734. *See also State v. Russell*, 10th Dist. Franklin No. 16AP-542, 2017-Ohio-2871, ¶ 24.

{¶15} "Generally, a new decision does not apply to convictions that were final when the decision was announced." *Moore* at ¶ 97. However, the Supreme Court of the United States held in *Montgomery* that "'courts must give retroactive effect to new substantive rules of constitutional law. Substantive rules include * * * "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense."'" *Id.*, quoting *Montgomery* at 728, quoting *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S.Ct. 2934 (1989). Further, "'when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral-review courts to give retroactive effect to that rule.'" *Id.* at ¶ 98, quoting *Montgomery* at 729.

{¶16} Although *Graham*, *Miller*, and *Montgomery* were issued after Settles was sentenced and involve substantive rules of constitutional law that would apply retroactively, Settles' sentence does not fall under the purview of those cases. *See id.* at ¶ 97-98 (noting that *Graham*, *Miller*, and *Montgomery* involve substantive rules of constitutional law that can apply retroactively). Indeed, Settles, who was a juvenile at the time the murder offense was committed, was *not* sentenced to life-without-parole or an equivalent sentence. Rather, Settles was sentenced to an indefinite term of 15 years to life, with an additional 3 years incarceration for the

firearm specification. As such, none of the cases that Settles directs us to establish a new right that applies to Settles' situation. *See Russel* at ¶ 24. Therefore, Settles' argument does not meet the timeliness exception for cases issued recognizing new federal or state rights that retroactively apply to his situation.

{¶17} In his ineffective-assistance-of-trial-counsel argument, Settles argues that his trial counsel was ineffective for failing to: (1) "Obtain An Expert Mental Evaluation [and] Present any of the Highly Relevant Mitigating Factors at Trial or Sentencinge [sic]"; (2) "Argue that Juvenile Rule 30 required that a Juvenile be 15 years old in order for the Juvenile Court to Consider Whether the case Should Be Transferred to the Court of Common Pleas"; and (3) "Object to, and Ultimately Move for a Mistrial, Based on the Introduction of Perjured Testimony from Multiple Witnesses Who Testified on the State's Behalf." (Doc. No. 235).

{¶18} "'"The phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence."'" *State v. Aultman*, 2d Dist. Champaign No. 2016-CA-14, 2017-Ohio-758, ¶ 19, quoting *State v. Rainey*, 2d Dist. Montgomery No. 23851, 2010-Ohio-5162, ¶ 13, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. Settles' ineffective-assistance-of-trial-counsel allegations pertain to matters that occurred at or before trial. Settles offers no argument that he was unavoidably prevented from discovering the alleged ineffectiveness of his trial

counsel—that is, Settles makes no argument that he was unaware of those facts or unable to learn of them from reasonable diligence. Rather, those facts were available to him at the time of trial. *See State v. Russell*, 10th Dist. Franklin No. 05AP-391, 2006-Ohio-383, ¶ 9 (noting that Russell's ineffective-assistance-of-counsel claims were "based on facts and circumstances that occurred during his trial" and that because he "was present at his trial and had knowledge of all these facts and circumstances as they happened," Russell failed to establish the applicability of any of the statutory timeliness exceptions); *Rainey* at ¶ 18. *See also State v. Davis*, 8th Dist. Cuyahoga No. 88189, 2007-Ohio-1305, ¶ 11. Further, because those facts were available to Settles at the time of trial, he could have raised his ineffective-assistance argument in his direct appeal, but did not. *See Settles*, 1998 WL 667635. For these reasons, Settles failed to show that he was unavoidably prevented from discovering his trial counsel's alleged ineffective assistance. *See Aultman* at ¶ 19; *State v. Eicholtz*, 2d Dist. Clark No. 13-CA-100, 2014-Ohio-3837, ¶ 22. Accordingly, Settles' ineffective-assistance argument does not meet the timeliness exception under the statute.

**{¶19}** For these reasons, the trial court's conclusion that Settles' petition is untimely is supported by competent, credible evidence. As such, the trial court did not abuse its discretion by dismissing Settles' petition for post-conviction relief.

**{¶20}** Settles' assignments of error are overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**