[Cite as *State v. Schofield*, 2018-Ohio-3617.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  1-18-25

     v.

MARK SCHOFIELD,                      O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Allen County Common Pleas Court
Trial Court No. CV 2015 0475

Judgment Affirmed

Date of Decision:   September 10, 2018


APPEARANCES:

     *Mark Schofield*, Appellant

     *Jana E. Emerick* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Mark Schofield, appeals the April 10, 2018 judgment of the Allen County Court of Common Pleas dismissing his petition for a writ of habeas corpus.

*Procedural History*

{¶2} On December 17, 2015, the Allen County Grand Jury returned a thirty-eight count indictment against Schofield alleging that he committed ten counts of pandering sexually oriented activity involving a minor, in violation of R.C. 2907.322(A)(1)&(C), all felonies of the second degree; ten counts of pandering sexually oriented activity involving a minor, in violation of R.C. 2907.322(A)(6)&(C), all felonies of the second degree; eight counts of illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(3)&(B), all felonies of the fifth degree; five counts of pandering sexually oriented activity involving a minor, in violation of R.C. 2907.322(A)(2)&(C), all felonies of the second degree; and five counts of illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(1)&(B), all felonies of the fifth degree. Schofield was subsequently arraigned and pled not guilty to each count listed in the indictment.

{¶3} On February 13, 2017, the trial court conducted a jury trial on the matter. The jury was selected and sworn, and the prosecution began its case-in-

chief. On February 15, 2017, while the prosecution was continuing to present its case, Schofield tendered an *Alford* plea of guilty to five counts of second degree pandering sexually oriented activity involving a minor, in violation of R.C. 2907.322(A)(1)&(C), and to seven counts of fifth degree illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(3)&(B).[1] In exchange for Schofield's guilty plea, the prosecution dismissed the remaining twenty-six counts listed in the indictment and agreed to recommend no more than twelve years in prison at sentencing.

{¶4} On April 20, 2017, Schofield appeared for a sentencing hearing during which the trial court imposed an aggregate prison term of ten years.

{¶5} On April 24, 2017, Schofield timely filed a notice of appeal to this Court. Upon review, we granted Schofield's appellate counsel's motion to dismiss pursuant to *Anders v. California*, 386 U.S. 738 (1967). Specifically, this Court found that the potential assignments of error, which pertained to the consideration of whether Schofield's *Alford* pleas were entered knowingly, intelligently, and

---

[1] An "Alford plea" is a specialized type of guilty plea when the defendant, although pleading guilty, continues to deny his or her guilt but enters the guilty plea because the defendant believes that the offered sentence is better than what the outcome of a trial is likely to be. *State v. Carey*, 3d Dist. Union No. 14-10-25, 2011-Ohio-1998, ¶ 6, citing *State v. Piacella*, 27 Ohio St.2d 92 (1971). The term "Alford plea" originated with the United States Supreme Court's decision in *North Carolina v. Alford*, wherein the Supreme Court held that guilty pleas linked with claims of innocence may be accepted provided the "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt. *Carey*, quoting *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160 (1971). Although an Alford plea allows a defendant to maintain his factual innocence, the plea has the same legal effect as a guilty plea. *State v. Vogelsong*, 3d Dist. Hancock No. 5-06-60, 2007-Ohio-4935, ¶ 15.

voluntarily, and to whether the trial court's sentence was contrary to law were without merit. *See State v. Schofield*, 3d Dist. Allen No. 1-17-19 (Aug. 30, 2017).

**{¶6}** On March 22, 2018, Schofield filed, *pro se*, a "Petition for Writ of Habeas Corpus Pursuant to R.C. 2953.21" with the trial court stating that his detention is unlawful due to the alleged ineffective assistance of his trial counsel at the time he entered his *Alford* pleas, and requesting that his pleas, conviction and sentence be vacated.[2] Specifically, Schofield claimed that his trial counsel failed to conduct adequate pre-trial investigation to prepare his defense and as a result pressured him into pleading guilty at trial to avoid a harsher sentence. The trial court subsequently dismissed Schofield's "petition" on several grounds, including that ineffective assistance of counsel was not cognizable in habeas corpus. The trial court further noted that insofar as Schofield asserted his "petition" as one for postconviction relief under R.C. 2953.21, the petition was subject to dismissal without a hearing based upon Schofield's failure to submit evidentiary materials to substantiate his claim that his trial counsel was ineffective, and based upon the doctrine of *res judicata*.

---

[2] Despite the manner in which Schofield captioned his "petition," the proper statutory authority for filing a petition for a writ of habeas corpus is found in R.C. 2725.04 *et seq*. R.C. 2953.21, which was cited by Schofield in the caption of his "petition" pertains to petitions for postconviction relief, which is a separate postconviction remedy from habeas corpus.

*Appeal*

**{¶7}** Schofield filed a notice of appeal from this judgment asserting the following assignment of error.

**THE LOWER COURT ERRED IN FINDING THAT SCHOFIELD'S SIXTH AND FOURTEENTH AMENDMENTS [*SIC*] RIGHT TO EFFECTIVE COUNSEL WAS NOT DENIED DURING PLEA PROCEEDINGS WHEN COUNSEL: (A) THREATENED AN UNDULY HARSH AND UNREALISTIC SENTENCE IN ORDER TO INDUCE A GUILTY PLEA; AND (B) FAILED TO CONDUCT ADEQUATE PRE-TRIAL INVESTIGATION, RESULTING IN THE ENTERING OF AN UNKNOWING AND INVALID PLEA.**

**{¶8}** In his sole assignment of error, Schofield claims that the trial court erred in dismissing his "Petition for Writ of Habeas Corpus Pursuant to R.C. 2953.21."

**{¶9}** As an initial matter, we must address Schofield's erroneous understanding of petitions for a writ of habeas corpus and postconviction relief. Writs of habeas corpus are civil actions and cannot be filed in criminal actions. *See State v. Settles*, 3d Dist. Seneca No. 13-17-09, 2017-Ohio-8353, ¶ 7, 2018-Ohio-1600, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 7 ("under Ohio law, state writ actions are civil actions").

**{¶10}** The record establishes that Schofield's "petition" was filed in his criminal case, as opposed to initiating a civil case against the person by whom Schofield is confined, and cited R.C. 2953.21—Ohio's postconviction-relief statute. Moreover, the relief Schofield requested included an order vacating his pleas,

conviction, and sentence on constitutional grounds. Thus, it is apparent that for all these reasons the trial court treated Schofield's "petition" as a one for postconviction relief.[3] Accordingly, we shall do the same. *See State v. Snuggs*, 3d Dist. Henry Nos. 7-16-03, 7-16-05, 2016-Ohio-5466, ¶ 4 (" 'When a post-judgment motion in a criminal case seeks the vacation of the imposed sentence on the grounds that a constitutional violation occurred * * *, the defendant's motion will be deemed a petition for post-conviction relief.' "), quoting *State v. Osco*, 11th Dist. Portage No. 2014-P-0010, 2015-Ohio-45, ¶ 13; *see also*, *State v. Reynolds*, 79 Ohio St.3d 158 (1997), *State v. Timmons*, 10th Dist. Franklin No. 11AP-895, 2012-Ohio-2079, ¶ 6.

**{¶11}** Schofield argued in his petition that his trial counsel was ineffective for failing to adequately investigate and prepare his defense. Schofield claims that his trial counsel's lack of preparedness to the best of his ability caused him to enter an *Alford* plea after the first two days of trial to avoid a harsher sentence.

**{¶12}** We agree with the trial court that Schofield's arguments are barred under the doctrine of *res judicata*. "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on

---

[3] As noted by the State on appeal, Schofield's "petition" also fails to conform to the procedural and substantive requirements for a petition for a writ of habeas corpus set forth in R.C. 2527.04.

an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus (stating that the doctrine of res judicata is applicable to petitions for postconviction relief).

{¶13} In reviewing Schofield's petition, we find that identical arguments regarding his trial counsel's alleged ineffectiveness were raised on direct appeal as part of his argument pertaining to the involuntary nature of his plea, and were deemed to be without merit by this Court. Accordingly, Schofield's claims are, therefore, barred by the doctrine of *res judicata*.

{¶14} Even assuming the doctrine of *res judicata* does not apply, Schofield has failed to present substantive grounds for relief in his petition. When a petitioner alleges ineffective assistance of counsel in a postconviction petition, the petitioner, in order to secure a hearing, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the petitioner. *State v. Cole*, 2 Ohio St.3d 112, 114 (1982).

{¶15} To prove an allegation of ineffective assistance of counsel, Schofield must satisfy a two-prong test. First, Schofield must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second,

Schofield must demonstrate that he was prejudiced by counsel's performance. *Id*. To show that he has been prejudiced by counsel's deficient performance, Schofield must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, 42 Ohio St.3d at paragraph three of the syllabus.

{¶16} Here, Schofield failed to provide any evidence to substantiate his allegations. Schofield offered only bare allegations in his petition. He did not attach any evidentiary materials to his petition in support of his claims. A petitioner merely offering bare allegations in support of a postconviction petition does not submit evidence that meets a minimum level of cogency to support the claim and, therefore, will not compel a hearing. *State v. Short*, 7th Dist. No. 96 CO 62, *4 (Aug. 26, 1998).

{¶17} For all these reasons, we do not find that the trial court erred in dismissing Schofield's petition for postconviction relief. Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**