OPINION
{¶ 1} Appellant Michael Massey appeals the decision of the Stark County Court of Common Pleas that denied his motion to dismiss finding no violation of the statute of limitations contained in R.C. 2901.13(A)(1). The following facts give rise to this appeal.
 {¶ 2} On July 31, 1993, at approximately 3:30 a.m., an assailant broke into the residence of Marilyn Hogan. The assailant struck Hogan in the head several times, with a hammer, and forced her to engage in vaginal and oral intercourse. Thereafter, the assailant restrained Hogan with duct tape, stole $15 and keys from her purse, and drove away in her vehicle. During the investigation of the crime, the police collected a sample of DNA, from a semen stain, found on the carpet in the living room of Hogan's residence. A DNA profile was developed, from the sample, and entered into the Combined DNA Index System ("CODIS").
 {¶ 3} In August 2003, a search of the state and local CODIS databases led to a match with appellant's profile. The Stark County Crime Lab recommended that a DNA standard be obtained, from appellant, and submitted to the lab to confirm the match. On February 9, 2004, oral swabs were collected from appellant. Subsequent tests on the DNA samples, from appellant and the crime scene, confirmed that appellant was the source of the DNA found on the carpet at Hogan's residence.
 {¶ 4} On May 21, 2004, the Stark County Grand Jury indicted appellant with one count of rape, one count of aggravated burglary and one count of aggravated robbery. Appellant filed a motion to dismiss the charges against him arguing the law in effect, on the date of the offenses, barred prosecution. On August 5, 2004, the trial court conducted a hearing on appellant's motion. Following the hearing, the trial court denied appellant's motion specifically finding that "* * * the statute of limitations under the law as it exists and applies to Mr. Massey has not run in this particular matter and the motion to dismiss is, therefore, denied." Tr. Aug. 5, 2004, at 6.
 {¶ 5} Following the trial court's ruling on the motion to dismiss, appellant entered a plea of no contest. The trial court found the state provided sufficient evidence to find appellant guilty beyond a reasonable doubt and sentenced appellant to concurrent indeterminate terms of five to twenty-five years on the charges of rape and two counts of aggravated burglary. On October 8, 2004, following a risk assessment and classification hearing, the trial court found appellant to be a sexual predator.
 {¶ 6} Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The defendant-appellant was deprived of a timely prosecution in violation of his constitutional right to a fair and speedy trial.
 {¶ 8} "II. Other errors were committed at trial not raised herein but apparent on the record."
 I {¶ 9} In his First Assignment of Error, appellant contends the prosecution of the crimes against him was barred by the six-year statute of limitations that was in effect at the time the offenses were committed. We disagree.
 {¶ 10} On the date the offenses were committed, July 31, 1993, under R.C. 2901.13(A)(1), the statute of limitations for a felony was six years. However, effective March 9, 1999, the General Assembly amended R.C. 2901.13 to state that for certain felony offenses, including rape, aggravated burglary and aggravated robbery, prosecution shall be barred unless it is commenced within twenty years after the offense is committed. The legislative history, to this amendment, states that:
 {¶ 11} "Section 2901.13 of the Revised Code, as amended by this act, applies to an offense committed on and after the effective date of this act and applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act."
 {¶ 12} Thus, if the statute of limitations had not expired on March 8, 1999, an offender is subject to prosecution under the amended version of R.C. 2901.13. For purposes of this case, the relevant question is whether appellant was subject to prosecution for the offenses on March 8, 1999. The record establishes that appellant was subject to prosecution because the time between July 31, 1993 and March 8, 1999 is less than the six-year time period contained in former R.C. 2901.13(A)(1). Therefore, at the time of the effective date of amended R.C. 2901.13(A), the statute of limitations had not expired under the former version of said statute and appellant was still subject to prosecution.
 {¶ 13} In support of this assignment of error, appellant cites the cases of State v. Diaz, Cuyahoga App. No. 81857, 2004-Ohio-3954 and Stogner v. California (2003), 539 U.S. 607. Appellant attempts to distinguish his case, from the Diaz
decision, which held that a similar prosecution was not barred by the statute of limitations and that application of the amended statute of limitations was not unconstitutional as an ex post facto law. We find the Diaz decision is not distinguishable from the case sub judice and instead, supports our conclusion that appellant's prosecution is not barred by the applicable statute of limitations.
 {¶ 14} In Diaz, the victim of a rape reached the age of majority on January 25, 1994, which triggered the running of the statute of limitations. Diaz at ¶ 4. The defendant was not indicted on the charges of rape, kidnapping and felonious assault until December 27, 2001, nearly eight years after the statute of limitations began to run. Id. Defendant argued the statute of limitations had expired and therefore, he could not be prosecuted. The Eighth District Court of Appeals disagreed and relying upon the legislative history of the amended version of R.C. 2901.13, the court held as follows:
 {¶ 15} "The legislature intended, * * * that the lengthened statute of limitations apply to crimes committed prior to the amendment so long as the statute of limitations had not expired at the time the amendment took effect." Id. at ¶ 6.
 {¶ 16} In Diaz, the six-year statute of limitations had not expired. It would have expired on January 25, 2000. Id. at ¶ 7. On March 9, 1999, when the twenty-year statute of limitations became effective, the six-year statute of limitations had not yet expired. Thus, the court of appeals concluded that appellant's prosecution was not barred by the statute of limitations. Id. at ¶ 6.
 {¶ 17} In Stogner v. California (2003), 539 U.S. 607, the United States Supreme Court addressed a California statute of limitations that permitted prosecution for sex-related child abuse, where the prior limitations period had expired, if the prosecution was begun within one year of the victim's report to police. Id. at 609. The Court found the statute violated the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution. Id. at. 620-621. However, in reaching this conclusion, the Court specifically noted that:
 {¶ 18} "Even where courts have upheld extensions of unexpired statutes of limitations * * *, they have consistently distinguished situations where limitations periods haveexpired. Further, they have often done so by saying that extension of existing limitations periods is not ex post facto
`provided,' `so long as,' `because,' or `if' the prior limitations periods have not expired — a manner of speaking that suggests a presumption that revival of time-barred criminal cases is not allowed. (Emphasis sic.) [Citations omitted.] Id. at 618.
 {¶ 19} In the case sub judice, since the six-year statute of limitations had not expired at the time the twenty-year statute of limitations became effective, we find no violation of the Ex Post Facto Clause.
 {¶ 20} Finally, appellant cites the cases of Barker v.Wingo (1972), 407 U.S. 514 and Strunk v. U.S. (1973),412 U.S. 434, in support of his argument that his right to a speedy trial has been violated. We find these cases inapplicable to the case sub judice because they concern delay in the prosecution of a pending case. No criminal case was pending against appellant until the definitive DNA match was made on March 13, 2004.
 {¶ 21} Accordingly, appellant's First Assignment of Error is overruled.
 II {¶ 22} In his Second Assignment of Error, appellant asserts that a review of the entire record reveals other errors meriting reversal of appellant's conviction and sentence. In support of this assertion, appellant cites Anders v. California, (1966),386 U.S. 738, without further argument.
 {¶ 23} In Anders, appointed counsel found his indigent client's case to be wholly frivolous and without merit. The United States Supreme Court held it was error for counsel to advise the appellate court by letter without filing any motion or brief on behalf of his client. The case sub judice is distinguishable from Anders in that appellant's appellate counsel filed a brief and in fact assigned an error for review. Accordingly, an Anders claim under this assignment of error has no merit.
 {¶ 24} Appellant's Second Assignment of Error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.