[Cite as *State v. Snuggs*, 2016-Ohio-5466.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

MARK R. SNUGGS,

    DEFENDANT-APPELLANT.

CASE NO. 7-16-03

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

MARK R. SNUGGS,

    DEFENDANT-APPELLANT.

CASE NO. 7-16-05

O P I N I O N

Appeals from Henry County Common Pleas Court
Trial Court No. 14CR0027

**Judgments Affirmed**

**Date of Decision:  August 22, 2016**

**APPEARANCES:**

    *Mark R. Snuggs,* **Appellant**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Mark R. Snuggs ("Snuggs") brings these appeals from judgments of the Court of Common Pleas of Henry County denying his motion to correct a void or voidable sentence and denying his motion to vacate or suspend payment of court costs and fines. For the reasons set forth below, the judgments are affirmed.

{¶2} On April 10, 2014, a forty-four count indictment was filed. Doc. 1. Pursuant to a plea agreement, Snuggs entered pleas of guilty to counts one through four, counts 28-31, and counts 41-44. Doc. 33. All of these were charges of sexual battery in violation of R.C. 2907.03(A)(5) and were felonies of the third degree. In exchange, the State agreed to dismiss the remaining counts. Doc. 34. The parties jointly recommended a sentence "of three (3) years on Counts 1, 2, 3, 4, 28, 29, 30, 31, 41, 42, and 42, all to be served consecutively to each other and two (2) years on Count 44 to be served consecutively to all other counts for a total of thirty-five (35) years in prison." Doc. 33. A change of plea and sentencing hearing was held on October 9, 2014. Doc. 34. Snuggs indicated to the trial court that he had completed 14 years of education. Tr. 3. At the hearing, the trial court engaged in the following dialogue with Snuggs.

> **The Court: You've read over the plea agreement, you've gone over that? You were able to read that and comprehend that?**
>
> **Mr. Snuggs: Yes, my lawyer went over it with me.**
>
> **The Court: Okay. Are you currently on any medication?**

**Mr. Snuggs:  Yes.**

**The Court:   What's the nature of your medication?   Does it inhibit your ability to understand things at all?**

**Mr. Snuggs:  I don't believe so.**

**The Court:  Other than the recommendation from the State with regard to the proposed sentence has anyone promised you anything to plead today?**

**Mr. Snuggs:  Nothing other than what's in there.**

**\* \* \***

**The Court:   All of [the charges in the indictment to which Snuggs was pleading] do carry with it a maximum penalty of up to five years and whatever term that the Court would impose would become mandatory so if you had or were pleading to twelve counts that could be a total of 60 years.**

**Mr.  Hanna:  Can we approach a minute Your Honor?**

**The Court:  Yes.  (Discussion at bench) It would be, there, I stand corrected with regard to the time, the time is not mandatory, there would be a total, but the Court could impose a maximum term of up to sixty years.  There is a fine on a felony three of $10,000 so it could be up to $120,000 in fines and there is a classification of a Tier III sex offender, which is a lifetime requirement to verify your address every ninety days with the county sheriff in the county that you reside.   Those are the potential penalties associated with the particular charges we are dealing with today.  And you understand those penalties?**

**Mr. Snuggs:  yes.**

**The Court:   Now, you've had discussions with your attorney, Mr. Schierloh?**

**Mr. Snuggs:  Yes.**

**The Court:   And he's explained to you the evidence that the State has in this case?**

**Mr. Snuggs:  Yes.**

**The Court:  And he's answered your questions?**

**Mr. Snuggs:  Yes he has.**

**The Court:  You're satisfied with his services?**

**Mr. Snuggs:  yes.**

**The Court:  A guilty plea is a complete admission to the allegations as set forth in the indictment and you understand that's what a guilty plea means?**

**Mr. Snuggs:  Yes.**

**The Court:  Do you have any questions about anything on that plea agreement?**

**Mr.  Snuggs:  No, he answered all my questions.**

**The Court:  If it's your intent at this time to proceed with the plea then go ahead and sign the written plea agreement.**

Tr. 3-6.  Snuggs then signed the plea agreement in open court.  Tr. 7.  However, before accepting the guilty plea, the trial court continued the dialogue with Snuggs.  The trial court informed Snuggs of post-release control and what would occur if he violated it.  Tr. 7.

**The Court:  You understand that anyone charged with a crime has what's called a presumption of innocence and it requires a trial to, in effect, remove that presumption, do you understand that?**

**Mr. Snuggs:  Yes.**

**The Court:  And you can have a trial to a judge or a trial to a jury and you understand that?**

-4-

**Mr. Snuggs:  Yes.**

**The Court:  If it's a trial to a jury all twelve jurors must vote to convict and you understand that?**

**Mr. Snuggs:  Yes.**

**The Court:  In a trial you have certain specific rights, first off you have the right to have witnesses subpoenaed to come and testify in your case, it's called your right of compulsory process, you understand you would have that right?**

**Mr. Snuggs:  Yes.**

**The Court:  You would also have what's called the right of confrontation, first off that is the right to be present in the courtroom when the trial is proceeding and it's also the right to have your attorney cross examine any witnesses that might be called to testify against you, you understand you have that right?**

**Mr. Snuggs:  Yes.**

**The Court:  You also have what's called the right against self-incrimination, that's a right guaranteed by the Fifth Amendment to the United States Constitution and what it means in the context of a trial is that you cannot be forced to take the witness stand and should you choose not to testify, the State of Ohio may not comment on that fact and the trier of fact, be it a judge or a jury may not draw a conclusion against you by that decision not to testify.  You understand you have that right?**

**Mr. Snuggs:  Yes.**

**The Court:  In any criminal trial the State of Ohio bears the burden of proof beyond a reasonable doubt to prove each and every element of the offense for which you are charged, but when you enter a guilty plea you relieve the State of that burden, you understand that?**

**Mr. Snuggs:  Yes.**

**\* \* \***

-5-

> **The Court: Yes, I should do that. I would advise you that you still may have a right to an appeal, however if this is a joint recommendation and I follow that joint recommendation you could not appeal the sentence, however, there may be some other aspect of the case that you could appeal. * * * Now, Mr. Snuggs, as to the charges as contained in the indictment in counts 1, 2, 3, and 4, counts 28, 29, 30, and 31 and counts 41, 42, 43 and 44 being felonies of the third degree in violations of Revised Code 2907.03(A)(5) how do you plea?**
>
> **Mr. Snuggs: Guilty.**

Tr. 8-10. The trial court then imposed the jointly recommended sentence. Doc. 34. In doing so, the trial court found that consecutive sentences were necessary to protect the public and punish the offender; that consecutive sentences are not disproportionate to the offense; that a single prison term would not adequately reflect the seriousness of the defendant's conduct; and that the harm was so great or unusual that a single term would not adequately reflect the seriousness of the conduct. Tr. 12-13 and Doc. 34. No direct appeal was taken from this judgment.

{¶3} On February 3, 2016, Snuggs filed two motions. One was a motion to vacate and/or suspend payment of court costs and fines. Doc. 49. The second was a motion to correct a void or voidable sentence. Doc. 50. The next day, the trial court overruled both motions. Doc. 51and 52. Snuggs appealed from both judgments on February 26, 2016. Doc. 55 and 59. On appeal, Snuggs raises the following assignments of error.

## First Assignment of Error

**The trial court erred in not issuing [Snuggs] findings of facts and conclusions of law.**

**Second Assignment of Error**

**The trial court erred in accepting [Snuggs'] guilty plea due to [Snuggs] inability to understand the sentencing range and legal rights he was waiving when he plead guilty.**

**Third Assignment of Error**

**The trial court erred in sentencing [Snuggs] to counts 28 and 29 of the indictment when the offenses are allied offenses of similar import.**

**Fourth Assignment of Error**

**The trial court erred by sentencing [Snuggs] to consecutive sentences without making all the requisite judicial findings mandated by R.C. 2929.14**

**Fifth Assignment of Error**

**[Snuggs] was prejudiced by denial of effective assistance of counsel at trial.**

**Sixth Assignment of Error**

**The trial court violated [Snuggs'] fundamental right to a fair trial with due process of law when [Snuggs] was indicted after the six year statute of limitations period expired.**

**Seventh Assignment of Error**

**The trial court erred in denying [Snuggs] motion to vacate and or suspend payment of court costs and fines.**

*Findings of Fact and Conclusions of Law*

{¶4} In the first assignment of error, Snuggs claims that the trial court erred

by failing to make findings of fact and conclusions of law.

**Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable**

-7-

**under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence * * *.**

R.C. 2953.21(A)(1). "When a post-judgment motion in a criminal case seeks the vacation of the imposed sentence on the grounds that a constitutional violation occurred during the trial proceedings, the defendant's motion will be deemed a petition for post-conviction relief."[1] *State v. Osco*, 11th Dist. Portage No. 2014-P-0010, 2015-Ohio-45, ¶ 13 *See also*, *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131 and *State v. Timmons,* 10th Dist. Frankin No. 11AP-895, 2012-Ohio-2079, ¶ 6. This is true regardless of how the motion is captioned. *Reynolds, supra* at 160. A trial court is required to issue findings of fact and conclusions of law on each claim raised in a petition for post-conviction relief if it dismissed the petition. R.C. 2953.21(C) and (G). However, the trial court is not required to make the findings if the petition is subject to dismissal on the basis that it was untimely filed. *State ex rel. James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, 867 N.E.2d 837, ¶ 5. A petition for post-conviction relief must be filed no later than 180 days after the time for a direct appeal has expired. R.C. 2953.21(A)(2).[2] Once the time limit has passed, a trial court loses authority to rule on the petition absent certain exceptions. R.C. 2953.23(A).

---

[1] Although Snuggs indicated that the motion should not be considered a petition for post-conviction relief, the content indicated otherwise. He is asking to 1) have his sentence reversed due to errors that occurred outside the record and 2) to be allowed to withdraw his guilty plea

[2] The statute was amended to give a defendant 365 days to file a petition for post-conviction relief with an effective date of March 23, 2015.

{¶5} In this case, Snuggs' petition claimed that his conviction and sentence were void for several reasons: 1) his guilty plea was not knowingly, intelligently and voluntarily made because the trial court failed to comply with Crim.R. 11 thus denying him due process; 2) Counts 28 and 29 where allied offenses of similar import and he could not be convicted of both, thus denying him the protections guaranteed him by the Fifth Amendment; 3) the trial court erred by failing to make the required statutory findings; 4) he was denied effective assistance of counsel; and 5) he was denied a fair trial when he was convicted of offenses outside of the statute of limitations.[3] Snuggs petition was filed after the time for appeal passed, claimed a denial of constitutional rights, sought to render the judgment void, and requested that the conviction and sentence be vacated. Thus, it falls within the definition of a petition for post-conviction relief set forth in R.C. 2953.21 and is a petition for post-conviction relief regardless of how it is titled. As a petition for post-conviction relief, the trial court was required to issue findings of fact and conclusions of law when dismissing the petition, which it did not do. However, the petition was required to be filed within 180 days of the time when the direct appeal could have been filed, or within 365 days under the amended version of the statute. The final, appealable order convicting Snuggs and sentencing him to prison was filed on October 15, 2014. Snuggs had 30 days from this date to file his notice of appeal. App.R. 4. Thus, the notice of appeal would have needed to be filed by November 14, 2014, to be timely. The time for the petition for post-

---

[3] The details of each of these claims are addressed in the subsequent assignments of error.

conviction relief began running on November 15, 2014, meaning that the petition would need to be filed by May 14, 2015, or by November 15, 2015, under the amended statute, to be timely. The petition was not filed until February 3, 2016, and was untimely. The petition did not meet either of the two exceptions for an untimely petition. R.C. 2953.23. As the petition was untimely on its face, the trial court lacked jurisdiction to consider the petition and was not required to issue findings of fact and conclusions of law. *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. The first assignment of error is overruled.

*Criminal Rule 11 Compliance*

{¶6} In the second assignment of error, Snuggs argues that the trial court erroneously accepted his guilty plea even though he did not fully understand the sentencing implications or the rights being waived. Although this was part of the motion to void his sentence, it is basically a request to withdraw a guilty plea after sentencing. A motion to withdraw a guilty plea may be made after sentencing to correct a manifest injustice. Crim.R. 32.1.

> **In felony cases the court may refuse to accept a plea of guilty * * * , and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:**
>
> **(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

> **(b)    Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**
>
> **(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11(C)(2)(a).

{¶7} A review of the record shows that the trial court informed Snuggs of everything required by Criminal Rule 11. The record also shows that Snuggs told the trial court he understood. Although Snuggs claims that his attorney told him what to say, there is nothing before this court outside of Snuggs' self-serving statements to support Snuggs claims.

{¶8} Additionally, Snuggs argues that he is not guilty of the crime because the "victim(s) herein are the daughters of the defendant, and whom consented to the claimed behavior, and whom [sic] status was that of an adult" because they were over the age of sexual consent. Appellant's Brief at 10. However, Snuggs was convicted of sexual battery of his daughters in violation of R.C. 2907.03(A)(5). The elements of this offense are met when a parent engages in sexual conduct with their child. The statute does not require a showing of lack of consent, so whether they "consented" to the conduct is irrelevant. Thus this court

-11-

finds that there was no manifest miscarriage of justice alleged that would support a withdrawal of a guilty plea. The second assignment of error is overruled.

*Allied Offenses of Similar Import*

{¶9} The third assignment of error alleges that the sentences for the convictions as to counts 28 and 29 should have merged as they were allied offenses of similar import. Initially, this court notes that this issue is barred by the doctrine of *res judicata* as it could have been and should have been raised in a direct appeal. *State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199 (holding that *res judicata* bars the review of whether sentences should have merged).

{¶10} Even if the assignment of error was not barred by *res judicata*, there is still no evidence that the offenses should have merged. The Supreme Court of Ohio has held that although generally a defendant may not appeal a jointly recommended sentence, a trial court has no discretion whether to merge sentences for allied offenses of similar import. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. Thus, a defendant may appeal this issue even though the sentence was jointly recommended. *Id.*

{¶11} Snuggs claims in his brief that the conduct in Counts 28 and 29 were one act. The indictment merely states for both counts that sexual conduct occurred on May 18, 2012 with the same victim. No details regarding the conduct were provided in the record or at the hearing. Additionally, Snuggs does not identify exactly what the alleged conduct was. Without some evidence in the record to

show that there was only one act and it formed the basis of two counts of the indictment, this court will not reverse the convictions. The third assignment of error is overruled.

*Imposition of Consecutive Sentences*

{¶12} Next, Snuggs claims that the trial court erred by not making the statutorily required findings before imposing consecutive sentences. The Supreme Court of Ohio recently addressed this very issue. The Court held that "in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *State v. Sergent*, ___ Ohio St.3d ___, 2016-Ohio-2696, ___ N.E.3d ___, ¶ 43. However, a review of the record also shows that contrary to Snuggs' argument, the trial court did make the required findings at the hearing and stated as much in the judgment entry of sentencing. The fourth assignment of error is overruled.

*Ineffective Assistance of Counsel*

{¶13} The fifth assignment of error alleges that Snuggs was denied effective assistance of counsel because counsel convinced him to accept the plea agreement and enter a guilty plea.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."** *State v. Hester* **(1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to**

> **whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."** *State v. Lytle* **(1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See** *Vaughn v. Maxwell* **(1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson***, 64 Ohio St.2d at 110–111, 18 O.O.3d at 351, 413 N.E.2d at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999–Ohio–102, 714 N .E.2d 905.  The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test. *State v. Anaya*, 191 Ohio App.3d 602, 2010-Ohio-6045, 947 N.E.2d 212, ¶ 25.

**{¶14}** Initially, this court notes that this issue could have been and should have been raised on direct appeal.  Thus, review of this issue is barred by the doctrine of *res judicata*.  Additionally, the alleged errors claimed by Snuggs are not supported by the record.  He claims that counsel did not adequately review the charges and pleas with him, but at trial he informed the trial court that his counsel had gone over everything with him and that he was satisfied with his performance. This court notes that Snuggs was charged with 44 counts and that 13 of those counts were for rape of a child under the age of 13, felonies of the first degree.  If Snuggs had been convicted of all 44 counts, he was facing a possible prison term of 256 years.  Instead, he entered a plea agreement which provided him with a

-14-

conviction of 12 counts of sexual battery and a jointly recommended sentence of 35 years. Snuggs has not asserted any information, other than his own self-serving affidavit that would indicate that his counsel violated his duty to Snuggs. "Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary." *State v. Kapper,* 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983). The fifth assignment of error is overruled.

*Statute of Limitations*

{¶15} In his sixth assignment of error, Snuggs claims that his constitutional rights were violated because he was convicted of Counts One and Two after the statute of limitations had expired. This court initially notes that this issue could have been raised either at trial or on direct appeal and is thus barred by the doctrine of *res judicata*. However, even if it were timely raised, Snuggs would still lose.

> **(A)(1) Except as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:**
>
> **(a) For a felony, six years;**
>
> **\* \* \***
>
> **(3) Except as otherwise provided in divisions (B) to (H) of this section, a prosecution of any of the following offenses shall be barred unless it is commenced within twenty years after the offense is committed:**

> **(a) A violation of section \* \* \* 2907.03 \* \* \* of the revised Code \* \* \*.**

R.C. 2901.13. At the time the offenses in question were committed (1995 and 1998), the statute merely set forth a limit of six years. This time frame would mean that the statute of limitations would expire in 2001 and 2004 respectively. In 1999, the statute was modified to include the twenty years limit for those charged with sexual battery. The legislative history to the act states that

> **Section 2901.13 of the Revised Code as amended by this act, applies to an offense committed on and after the effective date of this act** *and applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act.*

(emphasis added). "Thus, if the statute of limitations had not expired on March 8, 1999, an offender is subject to prosecution under the amended version of R.C. 2901.13." *State v. Massey*, 5th Dist. Stark No. 2004 CA 00291, 2005-Ohio-5819, ¶ 12. The statute of limitations on Counts One and Two had not expired as of March 8, 1999, therefore, the statute of limitations was modified to twenty years by the statute. The sixth assignment of error is overruled.

{¶16} Finally, Snuggs challenges the trial court's denial of his motion to stay payment of fines and costs. This court notes that the trial court did not impose any fines. Doc. 34. The trial court did require Snuggs to pay court costs. Snuggs argues that the trial court erred in imposing court costs without first holding a hearing to determine his ability to pay due to his indigent status. The imposition of court costs is governed by R.C. 2947.23 and is not discretionary.

"In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." R.C. 2947.23(A). This applies without consideration of a defendant's ability to pay. *State v. Turner*, 6ᵗʰ Dist. Wood No. WD-12-064, 2013-Ohio-5073, ¶ 11. However, the trial court may waive, suspend, or modify the payments at any time from sentencing forward. R.C. 2947.23(C). The decision whether to do so is reviewed under an abuse of discretion standard. *State v. Thomas*, 11ᵗʰ Dist. Ashtabula No. 2014-A-0072, 2016-Ohio-1357, ¶ 7.

{¶17} Here, Snuggs does not raise any issue not previously reviewed by the trial court. Multiple motions to suspend the payments of fines have been filed all claiming that he cannot afford to pay court costs and purchase hygiene items. However, these motions also indicate that his family has been able to help him and that he is able to purchase the items with their help. Based upon the record before it, this court does not find that the trial court abused its discretion. The seventh assignment of error is overruled.

{¶18} Having found no error prejudicial to the Appellant, the judgments of the Court of Common Pleas of Henry County are affirmed.

***Judgment Affirmed***

**SHAW, P.J. and ROGERS, J., concur.**

**/hls**